MAX SNIDER, complainant,

v.

GEORGE B. TEN EYCK et al., defendants.

[Decided May 16th, 1925.]

Lease—Surrender—Owner Leased Lower Floor for Theatre, Second Floor to Allied Interest for Billiard Room—Theatre Company Failed and Owner Decided to Operate Place— Bill to Cancel Billiard Room Lease, or If Denied, Injunction to Restrain Disturbance of Theatre—Issue Cognizable in Court of Law and Bill Will Be Held Until Complainant Can Have Questions Determined at Law.

On final hearing.

*Mr. William Hartshorne,* for the complainant.

*Mr. Edward W. Wise,* for the defendants.

BUCHANAN, V. C.

Complainant, on December 6th, 1922, leased to Orpheum Amusement Company for use as a motion picture theatre, a certain building then undergoing alterations to make it suit-

able for use as such theatre, for the term of ten years from the date when the alterations should be completed. By an additional lease, on December 14th, 1922, between the same parties, an adjoining or abutting store property was added to the subject-matter of the lease, as an entrance way into the theatre.

On March 2d, 1923, defendant Ten Eyck leased from complainant a billiard room and bowling alley on the second floor above part of the theatre premises for a term of five years, with option to renew for five years more. Ten Eyck was the principal stockholder of the amusement company (the lessee under the other lease). This lease of the billiard room and bowling alley contained a provision that the lessee, Ten Eyck, may "sublet" any or all of the thereby demised premises to the Orpheum Billiard Company, but shall not sublet any or all of said premises to anyone else without the prior written consent of the lessor. The Orpheum Billiard Company was not then in existence, but it was incorporated ten days later (March 12th), and on March 14th Ten Eyck assigned the lease to the billiard company, of which he was also the sole or principal stockholder.

In June, 1924, the amusement company was adjudicated insolvent and a receiver appointed therefor. On August 5th, 1924, the receiver surrendered, and complainant accepted, the premises comprised in the theatre lease or leases. Prior to that, but subsequent to the receivership, Ten Eyck sold his stock in the billiard company to Edward H. Burns and Alfred J. Schafer, who owned or had a controlling interest in the operations of the Strand Theatre, the latter being a moving picture and vaudeville house located on the same street as the Orpheum Theatre.

Complainant has arranged to operate his own theatre premises, and by his bill prays decree (in effect) for the surrender and cancellation of the billiard room and bowling alley lease, or, if denied that relief, for decree enjoining defendants from using, or permitting to be used, the billiard room and bowling alley in such manner as to disturb the audience in the theatre.

The surrender and cancellation of the lease is asked upon the ground that the lease has been terminated by reason of (1) violation of its provisions against subletting without the prior written consent of complainant, and (2) by reason of the surrender and cancellation of the theatre lease, the contention being that the bowling alley lease was a mere adjunct to the theatre lease, of no value in and of itself, but only for the benefit of the theatre lessee by way of protection of the theatre; that this was so understood by both parties to the bowling alley lease; that the bowling alley lease, therefore, must be understood as containing the implied condition that its continuance was dependent on the continuance of the theatre lease, and that the surrender and termination of the theatre lease *ipso facto* terminated the bowling alley lease.

It is unnecessary to go into the facts or the law in respect of this issue, for the reason that it seems to me clear that the issues as to the termination of the lease, on both grounds set up, are issues cognizable and determinable in a court of law, and that inasmuch as they involve rights or interests in real estate, and defendants have made objection to their determination by this court, and no equitable issues supervening, under well-established principles, all that can be done by this court on this branch of the case is to hold the bill until complainant can have the questions determined at law.

On the other branch or aspect of the case, the prayer for restraint of alleged nuisance, I think the determination may as well await the time when final decree can be made as to the surrender and cancellation issue, since that may be dispositive of the entire matter. No attempt has been made by the billiard company to operate the leased premises, and the answer denies any intention to operate it in a manner which would annoy the theatre patrons. No preliminary injunction was sought by complainant. If any change in the situation should occur pending the further proceedings, complainant might seek restraint *pendente lite* upon notice and the filing of affidavits, and might, perhaps, have leave to file supplement to his bill.

It may also be mentioned that leave was granted at the hearing to file certain amendments to the bill, and defendants announcing orally their admissions or denials to the additional allegations, the hearing proceeded as though the record was complete. In fact, however, no draft of order has been submitted to me as yet in this behalf, nor defendants' amended answer. This should, of course, be done.